UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BERET DICKENS,<br>      Plaintiff,<br>v.<br>AHC OF LAS VEGAS II, LLC,<br>      Defendant. | Case No. 2:25-cv-00101-GMN-NJK<br>**Order**<br>[Docket No. 24] |

Pending before the Court is the parties' stipulation to extend case management deadlines by ninety days. Docket No. 24.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

In the instant stipulation, the parties seek to extend case management deadlines by ninety days. Docket No. 24. The only justification provided for this lengthy request is that "depositions of Defendant's witnesses … will not be conducted until October or November of 2025 due to counsel's calendaring conflicts." *Id.* at 4. This is a vague assertion, and without further explanation, is insufficient to show good cause. If "counsel's calendaring conflicts" refers to counsel's busy litigation schedule, that is not generally grounds to modify case management

1

1  deadlines. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179-80 (D. Nev. 2022). It is also not clear why this necessitates a delay in conducting depositions of Defendant's witnesses given there are four attorneys of record for Plaintiff and two for Defendant. To the extent "calendaring conflicts" do not refer to a busy litigation schedule, the parties must inform the Court with greater specificity.

Accordingly, the stipulation is DENIED without prejudice. Docket No. 24. The parties are INSTRUCTED that any future extension request must provide further details showing good cause for the request.

IT IS SO ORDERED.

Dated: August 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge